UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
YAARA NAZMIYAL, on behalf of herself
and all others similarly situated,

                          Plaintiff,

                                              MEMORANDUM & ORDER
          -against-                           13-CV-0676(JS)(ARL)

SUNRISE CREDIT SERVICES, INC.,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:            Aryeh L. Pomerantz, Esq.
                          Prabhkaran S. Bedi, Esq.
                          Benjamin Nazmiyal Law Group, P.C.
                          209 Main Street, Suite 2
                          Fort Lee, NJ 07024

For Defendant:            Jarett Lawrence Warner, Esq.
                          Havkins Rosenfeld Ritzert
                            & Varriale, LLP
                          Eleven Penn Plaza, Suite 2101
                          New York, NY 10001

SEYBERT, District Judge:

          On February 5, 2013, Plaintiff Yaara Nazmiyal
("Plaintiff") commenced this putative class action against
defendant Sunrise Credit Services, Inc. ("Defendant") alleging
that Defendant sent Plaintiff a debt collection notice that did
not comply with the Fair Debt Collection Practices Act ("FDCPA"),
15 U.S.C. § 1692, et seq.  Presently before the Court is
Defendant's motion to dismiss the Complaint for failure to state
a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For
the following reasons, Defendant's motion to dismiss is GRANTED.

BACKGROUND[1]

Plaintiff is a resident of Great Neck, New York in the Eastern District of New York. (Compl. ¶ 5.) Defendant is a New York corporation engaged in the business of debt collection. (Compl. ¶ 8.) The Complaint alleges that Plaintiff is a "consumer" and that Defendant is a "debt collector" as those terms are defined by the FDCPA. (Compl. ¶¶ 7, 10.)

Plaintiff alleges that, on February 5, 2012, Defendant sent Plaintiff an "initial demand letter" in an attempt to collect a $231.80 debt Plaintiff owed Cablevision (the "Collection Letter"). (Compl. ¶ 12.) The Collection Letter, which is attached to the Complaint as Exhibit A, included the following debt validation notice:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

(the "Validation Notice").   (Compl. Ex. A (emphasis in the original).)   Plaintiff alleges that the Validation Notice violates the FDCPA, 15 U.S.C §§ 1692g(a)(4), 1692e(10), because it "failed to inform [Plaintiff] that in order to obtain a verification of the alleged debt or a copy of the judgment against her, she must notify Defendant in writing that 'the debt, or any portion thereof, is disputed.'" (Compl. ¶¶ 15, 20.)   Defendant now moves to dismiss the Complaint.

DISCUSSION

The Court will first set forth the legal standard on a Rule 12(b)(6) motion to dismiss before turning to Defendant's motion specifically.

I.   Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009).   First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72.   Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556

U.S. at 679.   Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.; accord Harris, 572 F.3d at 72.

The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).  However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II.  Defendant's Motion to Dismiss the Complain

Plaintiff brings her claim pursuant to the FDCPA, which Congress enacted in 1977 "'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" Arroyo v. Solomon & Solomon, P.C., No. 99-CV-8302, 2001 WL 1590520, at *4 (E.D.N.Y. Nov. 16, 2001) (quoting S. Rep., No. 95-382, at 12 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696).  To that end, the FDCPA bars the use of any "false, deceptive, or misleading

4

representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

Congress also sought to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  Sarno v. Midland Credit Mgmt., Inc., No. 10-CV-4704, 2011 WL 349974, at *2 (S.D.N.Y. Jan. 31, 2011) (quoting S. REP., No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699), aff'd, 435 F. App'x 44 (2d Cir. 2011).  Accordingly, under § 1692g of the FDCPA, a "debt collector,"[2] when attempting to collect a debt from a "consumer,"[3] must provide the consumer with a detailed debt validation notice within five days after the initial communication with the debtor. 15 U.S.C. § 1692g(a).  The notice must include the following:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

---

[2] The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

[3] The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

To determine whether a debt collector has violated § 1692g or § 1692e, courts use "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice [received from the debt collector]." Soffer v. Nationwide Recovery Sys., Inc., No. 06-CV-435, 2007 WL 1175073, at *3 (E.D.N.Y. Apr. 19, 2007) (citing Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The Second Circuit has described the "least sophisticated consumer" standard as "an objective analysis that seeks to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection

letters." <u>Greco</u>, 412 F.3d at 363 (2d Cir. 2005) (internal citations and quotation marks omitted).

The validation notice must convey the information required by § 1692g(a) "'clearly and effectively' so that 'the least sophisticated consumer [will not be] uncertain as to her rights.'" <u>Stark v. RJM Acquisitions LLC</u>, No. 08-CV-2309, 2009 WL 605811, at *3 (E.D.N.Y. Mar. 9, 2009) (alteration in the original) (quoting <u>Savino v. Computer Credit Inc.</u>, 164 F.3d 81, 85 (2d Cir. 1996)). In addition, even if the validation notice complies with 1692g(a), "a debt collector violates § 1692g(a) . . . if that notice is overshadowed or contradicted by other language in communications to the debtor." <u>Sarno</u>, 2011 WL 349974, at *2 (quoting <u>Jacobson v. Healthcare Fin. Servs., Inc.</u> 516 F.3d 85, 90 (2d Cir. 2008)) (alteration in original).

Here, the Complaint does not purport to state a claim that other language in the Collection Letter overshadows or contradicts the Validation Notice, nor does Plaintiff make such an argument in her memorandum of law. Rather, Plaintiff asserts that Defendant has violated §§ 1692g(a)(4), 1692e(10) because the Validation Notice itself does not make clear that she must provide written notification that she disputes the debt in order to receive

verification of the debt.  (Compl. ¶¶ 15, 20; Pl.'s Br., Docket Entry 8, at 7-13[4].)  Plaintiff's claim is not plausible.

> For ease of reference, the Validation Notice states:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF THE JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

(Compl. Ex. A (emphasis in the original).)  Plaintiff argues that, because the second sentence of the Validation Notice does not make a specific reference to disputing the validity of the debt, the least sophisticated consumer would conclude that he or she only needed to request verification of her debt in order to receive verification.  (See Pl.'s Br. at 7.)  However, under § 1692g(b), the consumer's right to verification is triggered only upon the debt collector's receipt of a written notice disputing the validity of the debt, not a mere written request for verification.  See

---

[4] Plaintiff did not number the pages of her Brief in Opposition to Defendant's Motion to Dismiss.  The Court will therefore cite to the page numbers supplied by the Electronic Case Filing system.

15 U.S.C. § 1692g(b).   The Court disagrees with Plaintiff's interpretation of the Validation Notice.

At least one court in this District, interpreting a substantially similar validation notice, previously rejected the exact argument Plaintiff makes here.   In Stark, the consumer brought suit alleging that the following debt validation notice violated § 1692g:

> Unless you dispute the validity of all or part of this debt within 30 days after receipt of this notice, we will assume the debt is valid. If you notify us in writing within the 30-day period, we will mail a copy of verification of the debt or the judgment to you and will provide you with the name and address of the original creditor for this debt.

Stark, 2009 WL 605811, at *4.  The debt collector moved for summary judgment, and the consumer opposed, arguing, like Plaintiff does here, that the validation notice violated § 1692g(a) because the second sentence did not contain a specific reference to disputing the validity of the debt.   Id.   According to the consumer, the absence of a specific reference to disputing the debt would cause the least sophisticated consumer to "infer that she need only request verification of the debt in writing in order to receive it." Id.

The court rejected the consumer's argument, noting that the phrase "[i]f you notify us in writing" in the second sentence could only be read to refer to the notification of a dispute, not

9

a mere request, because it immediately followed the first sentence "evoking the consumer's rights to dispute the debt." Id. The court further found that, even standing alone, the second sentence could not be read to suggest that a mere request would trigger the consumer's verification right because it directs the consumer "to 'notify' the debt collector, a word which implies that the consumer must take some action and inform the collector of the action in order to receive debt verification."[5] Id.

This Court finds Stark to be well reasoned and applicable here, and therefore concludes that the Validation Notice, even read by the least sophisticated consumer, unambiguously informs

---

[5] The Stark court did accept the consumer's argument that the second sentence could mislead a consumer to believe that she must dispute a debt in order to receive the name and address of the original creditor. Id. For ease of reference, the second sentence stated:

> If you notify us in writing within the 30-day period, we will mail a copy of verification of the debt or the judgment to you and will provide you with the name and address of the original creditor of this debt.

Id. However, although § 1692g(b) requires a debt collector to send debt verification upon receipt of a written notification disputing the debt, a debt collector must provide the name and address of the original creditor upon receipt of a mere written request. Accordingly, the Stark court held that, because the second sentence properly directed the consumer to provide a written notice that she disputed the debt in order to receive verification, it followed that the second sentence could mislead a consumer into believing that she must dispute the debt in order to receive the name and address of the original creditor. Id. On this ground, the Stark court denied the debt collector's motion for summary judgment.

the consumer that he or she must dispute the debt in writing, and not merely request verification, in order to receive verification. Like the notice in Stark, the phrase, "if you notify this office in writing" in the second sentence of the Validation Notice, must refer to the notification of a dispute because it immediately follows a sentence eliciting Plaintiff's right to dispute the debt. Moreover, the third sentence of the Validation Notice, unlike the second sentence, explicitly states that a written "request" will trigger Defendant's obligation to provide Plaintiff with the name and address of the original creditor.  A consumer could not read the third sentence, which directs the consumer to make a "request," in conjunction with the second sentence, which directs the consumer to "notify" the debt collector, and reasonably conclude that the second sentence implies that the consumer will receive verification upon "request."

Notably, Plaintiff does not address Stark in her opposition memorandum of law.  Moreover, the cases Plaintiff cites in which the courts found violations of § 1692g are factually inapplicable here.  (See Pl.'s Br. at 9-12.)  For example, in McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003), the debt collector sent the following validation notice:

> Unless we hear from you within thirty (30) days after the receipt of this letter disputing this claim, Federal Law provides that this debt will be assumed to be valid and owing. In the event you contact us and dispute

> the charges owed, we will promptly furnish you
> with any and all documentation to substantiate
> the claim.

272 F. Supp. 2d at 738.  The McCabe court held that this notice

did not effectively inform the consumer that a written notification

disputing any portion of the debt would trigger his verification

rights because, unlike the Validation Notice here, the notice in

McCabe omitted the words "in writing" and "any portion."  Id. at

742-43.  Thus, McCabe is not applicable here.  Similarly, in Baker

v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982), the

validation notice failed to inform the consumer that he could

dispute a portion of the debt and then affirmatively stated that

"[v]erication of this debt . . . will be provided if requested in

writing within 30 days."[6]  677 F.2d at 778 (emphasis added).

Contrary to Plaintiff's assertion, the Validation Notice here does

not direct the consumer to request verification.

Accordingly, this Court concludes that Plaintiff has

failed to state a claim that Defendant's Validation Notice violated

§ 1692g(a)(4).  Plaintiff's claim that the Validation Notice is

misleading under § 1692e(10), which is premised on Plaintiff's

claim that Defendant violated the notification requirement under

---

[6] The language in Baker specifically provided:  "Verification of
this debt, a copy of judgment or the name and address of the
original creditor, if different from the current creditor, will
be provided if requested in writing within 30 days.  Otherwise,
the debt will be assumed to be valid."  677 F.2d at 778.

§ 1692g(a)(4), therefore also fails.  Because the Court concludes that Defendant's Validation Notice complies with § 1692g(a)(4) as a matter of law, Plaintiff is not granted leave to amend the Complaint, as any amendment would be futile.

Finally, although Plaintiff filed this action as a class action, Plaintiff never sought to certify a class.  The Complaint is therefore dismissed in its entirety.  See Swan v. Stoneman, 635 F.2d 97, 102 n.6 (2d Cir. 1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified.").

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED and Plaintiff's claim that Defendant violated 15 U.S.C. §§ 1692g and 1692e is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February __7__, 2014
           Central Islip, New York